UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MALIBU MEDIA, LLC,**

    Plaintiff,

    v.                            Civil Action No. 13-1941 (EGS/JMF)

**JOHN DOE,**

    Defendant.

**MEMORANDUM ORDER**

This is one of the many "BitTorrent" cases that have been filed in this Court, in which a copyright holder of a film has sued individuals involved in what is known as a "file sharing swarm."[1] On December 6, 2013, plaintiff moved for leave to take expedited discovery.[2]

In my decision in West Coast,[3] I explained why plaintiff must have a good faith basis to believe 1) that this Court will be able to assert jurisdiction over the persons it will name as defendants and 2) that venue will properly lie in this judicial district. I also explained why I believe that settlement discussions are inappropriate at this stage of the proceedings.

In this case, plaintiff makes the following claims with respect to jurisdiction and venue:

> 5. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious

---

[1] For a more detailed explanation of the BitTorrent technology and the problems of personal jurisdiction, venue, and improper joinder these bit torrent cases present, see my August 6, 2012 Memorandum Opinion [#23] in West Coast Productions, Inc. v. Does 1-1434, Civil Action No. 11-55 (JEB/JMF).
[2] Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [#3].
[3] Attached hereto.

> conduct alleged in this Complaint in this State, and (ii)
> Defendant resides in this State and/or (iii) Defendant has
> engaged in substantial and not isolated business activity in
> this State.
>
> * * *
>
> 7. Venue is proper in this District pursuant to 28 U.S.C. §
>    1391(b) and (c), because: (i) a substantial part of the events
>    or omissions giving rise to the claims occurred in this
>    District; and, (ii) the Defendant resides (and therefore can
>    be found) in this District and resides in this State;
>    additionally, venue is proper in this District pursuant to 28
>    U.S.C. § 1400(a) (venue for copyright cases) because
>    Defendant or Defendant's agent resides or may be found in
>    this District.

Complaint-Action for Damages for Property Rights Infringement [#1] ¶¶ 5, 7.

Accordingly, plaintiff's motion will be granted upon the following conditions:

1. Plaintiff shall, within fourteen (14) days of the date of this Order, forward a copy of it to RCN Corporation.[4]

2. RCN Corporation will, within five (5) days of receiving this Order from plaintiff, forward a copy of it to the subscriber identified by plaintiff as a putative infringer of its motion picture copyright, accompanied by the attached Notice. RCN Corporation shall revise the Notice to include the information that presently appears in italics.

3. Upon receipt of the actual name of the putative infringer, plaintiff shall name that individual as a defendant only if it can establish, in good faith and consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, that the individual is properly subject to this Court's personal jurisdiction. Plaintiff must also establish that venue of its lawsuit against the putative infringer is properly laid in this judicial district.

4. Plaintiff may not engage in any settlement discussions with the person identified by RCN Corporation in response to the subpoena.

---

[4] See [#1-2] (identifying RCN Corporation as defendant's ISP).

It is therefore, hereby,

**ORDERED** that plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [#3] is **GRANTED.**

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE